UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00348-MR

| | |
|---|---|
| JOHNATHAN A. FULLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| RONNIE HUNEYCUTT, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on its own motion.

On April 7, 2022, the NCDPS filed a document under seal indicating it was unable to procure a waiver of service for Defendant FNU McMahan and Defendant FNU Banks (Officer at Avery-Mitchel Corr. Inst.) ("Banks") for the reasons stated in that document. [Doc. 18]. The sealed document provides the last known addresses for these Defendants, as well as these Defendants' true full names, which the Court will direct the Clerk to substitute in the docket in this matter.[1]

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and

---

[1] The true full names of some of the other Defendants in this matter are reflected in their Waivers of Service. The Court will direct the Clerk to update the docket accordingly.

failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995); Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

Here, despite that requests for waivers of service were submitted to the NCDPS, no waivers from Defendants McMahan or Banks were obtained. As such, it does not appear that these Defendants actually ever received service of process. With the additional information supplied for service on these Defendants, the U.S. Marshal is hereby ordered to use reasonable efforts to locate and obtain service on these Defendants in accordance with Rule 4.

To that end, the Court will direct the Clerk of Court to provide a copy of Docket No. 18 to the U.S. Marshal for its eyes only for the sole purpose of serving Defendants McMahan and Banks.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Clerk of Court will send a copy of this Order, the Amended Complaint [Doc. 11], and Docket No. 18 to the U.S. Marshals Service. The U.S. Marshal shall use reasonable efforts to locate and obtain service on Defendants Zachery McMahan and Keenan Banks in accordance with Rule 4.

The Clerk is respectfully instructed to substitute the true full names of the following Defendants as follows:

Zachery McMahan for FNU McMahan

Keenan Banks for FNU Banks (Officer at Avery-Mitchell Corr. Inst.)

Ronnie Huneycutt for FNU Honeycutt

Angela Lamm for FNU Lamm

James Brian Watson for FNU Watson

Shane Banks for FNU Banks (Sergeant at Avery-Mitchell Corr. Inst.)

Edward Nile Colvin for FNU Colvin

James Ray Queen for James McQueen

3

**IT IS SO ORDERED.**

Signed: April 11, 2022

Martin Reidinger
Chief United States District Judge